### STATE v. ADAMS.
No. 6140
Circuit Court, Dade County, Criminal Appeal.
June 16, 1967.

16

Walter E. Gwinn, Miami, for appellant.

Richard E. Gerstein, State Attorney, Joseph Durant, Assistant State Attorney, for appellee.

GENE WILLIAMS, Circuit Judge.

Appellant has appealed from his conviction and sentence of possession of lottery tickets in the criminal court of record of Dade County. Appellant contends that he was convicted by means of evidence which was procured from him by means of an invalid search warrant. The state contends that the search warrant was valid and that furthermore, the evidence was not obtained by means of the search warrant but that appellant voluntarily tendered the evidence over to the arresting officers before actually being searched.

There is no serious contention by appellant but that the affidavit upon which the search warrant was issued set forth probable

cause for issuance of a search warrant for the *premises* involved; however, appellant contends that the search warrant was invalid for the reasons that the affidavit did not set forth probable cause, nor did it request, a warrant for the search of named or particularly described individual persons and that the magistrate issued the search warrant directing police officers to not only search the described premises but also directed the search of —

> ". . . and the person or all persons therein who shall be connected with the operating or maintaining of said gaming or gambling games . . . and if the same, or any part thereof, shall be found upon said search, you are to bring said goods or property so found, and also the body of all persons found therein connected with said gaming or gambling before a Court of competent jurisdiction to be dealt with according to law."

The evidence discloses that the premises were entered by officers bearing the search warrant which was read to appellant who was found therein. After the warrant had been read to appellant, he took from his person a lottery pad and handed it to an officer serving the search warrant. Appellant was arrested and prosecuted for possession of the lottery pad. During the course of the trial, appellant moved for suppression of the evidence, which motion was denied, and appellant was thereupon convicted.

The conviction must be reversed because the search and seizure was invalid for the following reasons —

(1) That the affidavit for search warrant did not set forth probable cause for the search of any named or particularly described person, nor did it request the search of any person.

(2) That as far as the search of persons was concerned, the search warrant was in the nature of a general warrant for the search of persons not named or particularly described.

(3) That the directions in the search warrant,

> ". . . and the person or all persons therein who shall be connected with the operation or maintaining of said gaming or gambling games . . ."

is a nullity. The term "connected with" is too indefinite and leaves its interpretation to the discretion of the police. Any "connection with" operating or maintaining gaming or gambling games must be strong enough to qualify under the arrest statute,

§901.15, Florida Statutes, in which event such directions would be unnecessary, because if the evidentiary situation so warranted, the police would be entitled to make an arrest followed by a search authorized by §901.21.

The state's contention that regardless of the court's ruling on the validity of the search warrant, the evidence in this cause was procured legally because it was voluntarily handed to the arresting officer is not well founded. As soon as the search warrant was read to the defendant he could not be prejudiced by submitting to an order issued by an apparently duly constituted judicial authority.

During the oral argument of this appeal, the court was urged to render a comprehensive opinion and ruling beyond the confines of the particular issue upon which the court has decided the disposition of this particular case, because of the fact that there are numerous cases pending in the criminal courts in which similar questions of search warrants are involved. The court will comply to some extent but not to the extent requested. An appellate court should not attempt to rule upon matters not directly or indirectly before the court, where all concepts have not been fully argued.

In the opinion of the court, the following brief summary might be of help in understanding the duties and rights of officers and private citizens regarding search warrants in circumstances similar to those in the instant case —

(1) A search warrant in itself is not an arrest warrant.

(2) A search warrant issued for the purpose of searching persons must either name or particularly describe the person or persons to be searched.

(3) A search warrant for the purpose of searching premises, if lawfully issued, authorizes the police to lawfully enter and search particularly described premises for the purposes set out in the warrant.

(4) Once lawfully upon the premises, police may —

(a) arrest persons observed to be violating the law or where officers observe probable cause for arrest for commission of a felony;

(b) search the premises; if incriminating evidence is found an arrest may be performed as in (a) above.

(Arrests made in accordance with (a) and (b) above are not made by virtue of the search warrant but by virtue of §901.15.)

(5) If arrests of individuals in the premises are made lawfully as above, their persons can then be searched; again not by virtue of the search warrant, but by virtue of §901.21, which specifically provides for the search of the person of anyone lawfully arrested.

(6) If incriminating evidence is found upon a person searched in accordance with no. 5 above, the officer may make a further arrest for the violation of law committed in the officer's presence, revealed by the search.

The court declines to rule as requested by appellant that in the case at bar the entire search warrant was void ab initio. The search warrant purported to direct the officers to search premises and persons. The search warrant appears to have been well founded as to search of the particular premises involved, but appears not to have been well founded as to search of persons. For the disposition of this cause, it is unnecessary for the court to rule upon that question. The court has not been supplied with any convincing law pro or con concerning this question. By way of dictum, the court does not see any reason why the search warrant, otherwise valid as to search of the premises, should be ruled invalid as to the search of the premises, merely because the search warrant went further and invalidly directed the search of persons. In other words, in this case, if a search of the premises had disclosed incriminating evidence, there is no reason, apparent to the court now, why such evidence could not have been used against whatever persons such evidence incriminated.

For the reasons set forth in this opinion, the judgment of the trial court is reversed, appellant's conviction and sentence are set aside and vacated, and the cause is remanded to the criminal court of record in and for Dade County, for a new trial or other proceedings not inconsistent with this opinion.